UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL D. BROWN (#128161)

VERSUS                                    CIVIL ACTION

TODD BARREVE, ET AL                       NUMBER 11-181-JJB-SCR

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, November 17, 2011.

                                       STEPHEN C. RIEDLINGER
                                       UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MICHAEL D. BROWN(#128161)

VERSUS                                              CIVIL ACTION

TODD BARREVE, ET AL                                 NUMBER 11-181-JJB-SCR

MAGISTRATE JUDGE'S REPORT

Before the court is the plaintiff's motion for summary judgment.[1]  Record document numbers 21 and 38.  The motion is opposed.[2]

Pro se plaintiff, an inmate currently confined at Louisiana State Penitentiary, Angola, Louisiana filed this action pursuant to 42 U.S.C. § 1983 against Hunt Correctional Center Capt. Todd Barreve and Sgt. Craig White.  Plaintiff alleged that he was subjected to an excessive use of force in violation of his constitutional rights.

---

[1] On October 4, 2011, the plaintiff was placed on notice that the court was considering granting summary judgment for the defendants pursuant to Rule 56(f), Fed.R.Civ.P.  Record document number 36.  Plaintiff was given time to supplement his motion for summary judgment to demonstrate the existence of a disputed issue of material fact or an adequate legal basis to maintain his claims against the defendants.  On October 18, 2011, the plaintiff filed a supplemental motion for summary judgment.  Defendants were granted until November 8, 2011, to supplement their opposition to the plaintiff's motion for summary judgment with affidavits and any other evidence in support of their defenses.  Defendants failed to supplement their opposition.

[2] Record document number 26.

Plaintiff moved for summary judgment relying on a statement of undisputed facts, a copy of a disciplinary report for aggravated disobedience issued December 2, 2010 and copies of his medical records.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 56, Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(c).

Plaintiff alleged that on December 2, 2010, Sgt. White came to the plaintiff's cell, placed him in restraints and then left the tier. Plaintiff alleged that five minutes later, Capt. Barreve and Sgt. White returned and sprayed mace into the plaintiff's cell. Plaintiff alleged that he told the correctional officers that he has glaucoma in his right eye and Capt. Barreve responded that he did not care. Plaintiff alleged that the mace caused his right eye to burn and become irritated and his left eye became blurry. Plaintiff alleged that because of the burning and irritation he was unable to use his eye drops, used to treat his glaucoma, for four days.

Force is excessive and violative of the Eighth Amendment only if applied maliciously and sadistically for the very purpose of causing harm, rather than a good faith effort to maintain or

2

restore discipline. *Hudson v. McMillian*, 503 U.S. 1, 112 S.Ct. 995 (1992); *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078 (1986). A necessary element of the excessive force claim is the proof of injury resulting from the use of force. *Knight v. Caldwell*, 970 F.2d 1430, 1432 (5th Cir. 1992), *cert. denied*, 507 U.S. 926, 113 S.Ct. 1298 (1993).

The summary judgment evidence showed that after the incident on December 2, 2010, the plaintiff declared himself a medical emergency and was examined by medical personnel for complaints of eye pain from being sprayed with mace.[3] Plaintiff asked whether using his eye medication would hurt his eye.[4] Plaintiff was instructed to shower and change into clean clothing.[5] Plaintiff was also instructed to rinse his eyes for 20 minutes and to refrain from putting eye medication in his eye until the next morning.[6] On December 4, 2010, the plaintiff was examined by medical personnel for complaints of being unable to use his eye drops for glaucoma after being sprayed with two cans of chemical agent on December 2.[7] Physical examination was normal.[8] On April 6, 2011, the plaintiff

---

[3] Record document number 33-1, p. 3.

[4] *Id.*

[5] *Id.*

[6] *Id.*

[7] *Id.* at 2.

[8] *Id.*

3

was examined at the prison's eye clinic and was referred to an outside clinic.[9]

There is no evidence in the record that the plaintiff suffered an injury as a result of the alleged use of excessive force. Defendants are entitled to summary judgment as a matter of law.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's motion for summary judgment be denied, the defendants be granted summary judgment and this case be dismissed.

Baton Rouge, Louisiana, November 17, 2011.

*[signature]*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[9] *Id.* at 97-98.